■ Contra Costa County ex rel. Joyce H. Sutton, Respondent, v David Sutton, Appellant. — In a proceeding pursuant to Domestic Relations Law article 3-A the appeal is from an order of the Family Court, Rockland County (Stanger, J.), dated March 23, 1984, which granted the support petition to the extent of awarding petitioner arrears from the date of the petition to the date of the order, plus ongoing support in the sum of $686 per month.

Order affirmed, without costs or disbursements.

There is no basis in the record for the appellant's claim that he was denied the right to challenge the petition at a hearing in accordance with the procedures set forth in Domestic Relations Law § 37. Appellant had every opportunity to controvert the petition and enter a verified denial of its material allegations (Domestic Relations Law § 37 [6]). Choosing to rely solely on the defense that petitioner had breached the terms of the visitation provisions in the stipulation of settlement incorporated in the divorce decree, and therefore was not entitled to support payments, appellant did not challenge the factual allegations in the petition. The Family Court was thus presented only with the question of whether the conduct of the appellant alleged in the petition constituted a waiver of his right to challenge petitioner's noncompliance with the visitation provisions. Based on the undisputed facts presented, we agree with the conclusion that there had been such a waiver. Since appellant does not claim on appeal that he is unable to fulfill his support obligations to the extent ordered by the Family Court, and from the record it does not appear that the claim was raised before Family Court, we

cannot conclude that the Family Court did not consider his financial circumstances when determining the sum to be paid (Domestic Relations Law § 37 [11]). Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.